EVANS, Executor, Appellant, v. HEILMAN, Respondent.

(159 N. W. 55.)

(File No. 3946.   Opinion filed August 29, 1916.)

1. **Dower—Surviving Wife—Ill. Statute, Construed.**

Under Hurd's Rev. Stat., Ill. 1911, Chap. 41, Sec. 10, providing that any division of land or estate therein, or any provision made by will of deceased husband or wife for a surviving husband or wife which, unless otherwise expressed in the will, bars the power of such survivor in the lands of the deceased unless such survivor elects to and renounces the benefit of the devise, etc., and Sec. 11, providing that any one entitled to an election under either of the two preceeding sections shall be deemed to have elected to take such devise, etc., unless within one year after letters testamentary, etc., are issued he or she shall in writing renounce such devise, etc., held, that said sections confer upon a surviving wife a dower interest in the lands of her deceased husband.

2. **Estoppel—Beneficial Interest in Realty Under Will—Claim Inconsistent With Will, Effect—Devise, Legacy, in Lieu of Dower—Renouncition of Will.**

In a suit by a husband against his wife to exclude her from any interest in certain realty in this state, where the wife claimed under a deed as joint grantee with her husband, that her husband desired to sell certain Illinois land in which she had an interest, and invest a part of the proceeds in South Dakota land, that to induce her to sign a deed with her husband to the Illinois land, which she had refused to sign, her husband agreed that the South Dakota land should be deeded to them jointly, and that pursuant to such agreement she signed the deed to the Illinois land and the deed to the South Dakota land was made to them as joint grantees, whereby she became owner of an undivided one-half interest therein, held, that, the husband having made a will devising to the wife the life use of certain homestead property in Illinois, and also a money legacy payable so long as she remained unmarried, which said devise and legacy were in lieu of dower in her husband's land, she not having filed any renounciation of the will, defendant is not estopped to claim title under the deed to the

South Dakota land; since she is not claiming title to an interest therein under the will, nor is she claiming it as dower in her husband's realty of which he died possessed, but is claiming under the deed to the South Dakota land, which was in effect prior to his death and to the taking effect of the will. So **held**, under Hurd's Rev. Stat.; Ill., 1911, Chap. 41, Sec. 10, providing that any devise of land, or any provision made by will of a decedent husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in deceased's lands, unless such survivor shall elect to and renounce the benefit of the devise, in which case he or she shall be entitled to dower in the lands; it appearing that the will in question referred to decedent's land as "my real estate," and did not specifically describe the South Dakota lands; and **held**, further, that by its terms said will only disposed of the interest therein of decedent at the time of his death; that the claiming and owning by defendant of title to an undivided one-half interest in the South Dakota lands to said deed did not conflict with provisions of said will, and the provisions of the Illinois statute is not applicable to the case at bar.

**3.  Evidence—Evidence Against Heir—Competency—Defendant Not Deceased—Statute.**

In a suit by the executor of a husband, against the wife, involving the defendant's interest in realty, **held**, that defendant's son by a former husband is a competent witness in her behalf to conversations had with decedent concerning a realty transaction involved therein, under Code Civ. Proc., Sec. 486, making incompetent any person who has any interest in the subject of the action adverse to the other party; that such son is not a party to the action, nor an heir of decedent, and may never be an heir of defendant; that to render a party incompetent under said section he must have a present, certain, and vested interest in the subject matter of the suit, and the interest of prospective heirs is too remote to render them incompetent to testify to transactions with competent persons from whom they would naturally inherit.

Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

Action by F. A. Heilman, continued after his decease by U. S. Evans, as his executor, against B. E. Heilman, to exclude defendant from any interest in certain realty. From a judgment for defendant, and form an order denying a new trial, plaintiff appeals. Affirmed.

*Null & Royhl,* for Appellant.

*Spangler & Haney,* for Respondent.

(1) To point one of the opinion, Appellant cited: Ill. Stat. 1911, Ch. 41, Secs. 10, 11; Gorham v. Dodge, 122 Ill. 528; Woolley v. Schrader, 116, Ill. 29; Buchanan v. McLennan, 192 Ill. 480.

(2)  To point two of the opinion, Respondent cited: Wagner v. Wagner, 30 L. R. A. (NS) 644-647; Platt v. Douglas 38 N. J. Eq. 516; Notes 30 L. R. A. (N. S.) 644.

McCOY, J.  On the 8th day of September, 1909, one Chance, as grantor, executed and delivered to F. A. Heilman and B. E. Heilman, as joint grantees, a deed of conveyance to a certain quarter section of land situated in Sanborn county, this state. F. A. Heilman and B. E. Heilman were then husband and wife, residing in the state of Illinois. Thereafter, in 1910, F. A. Heilman, the husband, as plaintiff, brought this action against his wife, B. E. Heilman, as defendant, to exclude her from any right, title, and interest in said real estate, on the alleged ground that he had paid the entire consideration of $6,400 for said land, that the defendant paid no part of said consideration, and that the name of B. E. Heilman had been wrongfully and fraudulently inserted in said deed as a joint grantee. After the service of the complaint F. A. Heilman died, and U. S. Evans, his executor, was substituted as party plaintiff. Defendant made answer, alleging that prior to the purchase of the said South Dakota land she had an interest in certain land owned by her husband in the state of Illinois; that her husband desired to sell the Illinois land and invest a portion of the proceeds in the South Dakota land; that defendant refused to sign the deed to the Illinois land, and that to induce defendant to sign said deed and to surrender and convey her rights and interests in the Illinois land it was agreed between her husband and herself that the South Dakota land should be deeded to them jointly; and that in pursuance of such agreement, and not otherwise, she signed the deed · to the Illinois land, and the deed to the South Dakota land was made to F. A. Heilman and B. E. Heilman as joint grantees, and that by reason thereof defendant is the owner of an undivided one-half interest in said South Dakota land. The trial court made findings and rendered judgment in favor of defendant, from which plaintiff appeals.

[1] It is urged that the evidence is not sufficient to sustain the

findings. We are of the view that the findings are supported by the evidence. The trial court, among others, made the findings. that defendant refused to sign away her dower interest in the Illinois land unless she received some protection in lieu thereof,. and then it was agreed between defendant and her husband that,. if she would sign the deed to Illinois land, the proceeds of the sale would be invested in South Dakota land, and the title taken jointly in their names. It is specifically contended that there is. no evidence that defendant had a dower interest in the said Illinois land of her husband. Sections 10 and 11, c. 41, Rev. Stat. of Ill. 1911, were offered and received in evidence. We are of the view that these sections show that a surviving wife has a dower interest in the lands of her deceased husband under the laws of the state of Illinois.

[2] It is also contended by appellant that respondent is. estopped to claim title to the land in question under the said deed from Chance on the ground that a party cannot take any beneficial interest under a will and at the same time set up any right or claim of his own, even if it is otherwise legal and well-founded, which shall defeat or in any way prevent the full effect and operation of every part of the will. It appears that F. A. Heilman made a will and codicil whereby defendant was devised the use of certain homestead property in Illinois during her life, or so long as she remained unmarried, and also a money legacy payable annually, so long as she remained unmarried, which said devise and legacy were in lieu of dower in her husband's land. Defendant has not filed any renunciation of the will and codicil of her husband, but is accepting and receiving the property of said decedent under and by virtue of said will and codicil, and has elected to take thereunder. Section 10, c. 41, Rev. Stat. of Ill. 1911, provides that:

"Any devise of land, or estate therein, or any * * * provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third (1-3) of the personal estate after the payment of all debts.".

Section 11 of said chapter 41 also provides that any one entitled to an election under the preceding section shall be deemed to have elected to take such devise or other provision unless within one year he or she shall make written renunciation of such devise or other provision under the will. Appellant therefore contends that, by reason of the premises and the provisions of the Illinois statutes aforesaid, defendant is estopped to claim title under said deed to the South Dakota land. We are of the opinion that this contention is not well founded. The defendant is not claiming title to an undivided one-half interest in the South Dakota lands *under the said will,* neither is she claiming it as dower in her husband's real estate of which he died possessed; but she claims to own absolute title in herself of an undivided one-half interest in the South Dakota land, *under a deed* in force and effect prior to his death and prior to the taking effect of the will. The will and codicil do not specifically describe the South Dakota lands, but the will and codicil refer to the lands of the decedent as "my real estate," and the executor is given full power to sell and convey all "my real estate." This will and codicil do not purport to dispose of or devise the one-half interests in the South Dakota lands owned by respondent, but by its terms, "my real estate," only disposes of the interest therein of decedent at the time of his death. The claiming and owning by respondent of the title to an undivided one-half interest in and to the South Dakota lands under the deed from Chance in no manner conflicts with any part or provision of said will or codicil. The provisions of sections 10 and 11 of said chapter 41, Rev. Stats. of Illinois, are not applicable to the circumstances of this case.

[3] The defendant called as a witness one Heidt, a son of defendant by a former husband. Heidt was permitted to testify, over the objections of plaintiff, as to the conversations he had with F. A. Heilman at the time the Illinois land was sold and the deed of conveyance made therefor. The objection and contention was made that Heidt was an incompetent and interested witness under section 486, Code Civ. Proc. We are of the view that this contention is not tenable. Heidt is not a party to this action, and can in no manner be bound by any judgment entered therein. He is not an heir of F. A. Heilman, and may never be an heir of defendant, as defendant has no heirs while she is liv-

ing, and she may outlive her said son. To make a party an incompetent witness under section 486, such party must have a present, certain, and vested interest in the subject-matter of the suit, and the interest of prospective heirs is too remote to render them incompetent to testify as to transactions with incompetent persons from whom they would naturally inherit. Jones, Ev. §§ 775-791; Ekern v. Erickson, 37 S. D. 300, 157 N. W. 1062. The defendant, B. E. Heilman, was an incompetent witness to testify in relation to transactions with F. A. Heilman in relation to the subject-matter of this suit, but during her life her son was not; he had no present or vested interest therein.

Finding no error in the record, the judgment and order appealed from are affirmed.